**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

CAROLYN MINCEY and
QUENTINA SONNIER,

               Plaintiffs,

    v.

RYAN VARDMAN, individually,
PIEDMONT HEALTHCARE, INC., and
HUGHSTON HOSPITAL, INC., d/b/a
PIEDMONT COLUMBUS NORTHSIDE
HOSPITAL,

               Defendants.

CIVIL ACTION NO.
4:21-cv-000110-CDL

## AGREED PROTECTIVE ORDER

       The parties hereto, having consented through their respective counsel for the entry of this Agreed Protective Order, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, **IT IS HEREBY AGREED THAT**:

       1.     This Protective Order shall govern all documents and testimony produced by the parties in this action that are designated as confidential.  Furthermore, this Protective Order shall govern all information derived from such documents and testimony, as well as all copies, excerpts, or summaries thereof.  This Protective Order shall remain in effect for the duration of this action, unless otherwise ordered by the Court or agreed by the parties.

       2.     The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information.  Information and documents protected by this Protective Order shall include:

a.      All information and documents produced in this action that refer to, reflect upon, or relate to: (i) trade secrets or other confidential proprietary technical, business, security, or financial information, including insurance related information, that is not generally known to the public; (ii) any medical, psychological, psychiatric, records, including any billing records, not generally available to the public; (iii) confidential agreements (including amendments and other documents entered into and exchanged in connection with, or as a result of, the same); (iv) records reflecting personal information concerning off-duty police officers, such as contact information, payments, 1099s, or other tax related or financial information; (v) documents or information concerning any current or former employee of Defendants, including but not limited to, documents contained in such employees' personnel files and/or internal investigation files; and/or (vi) any other documents or testimony that a party in good faith designates as "Confidential."

The information and documents protected by this Protective Order shall be referred to as "confidential materials."  The restrictions contained herein regarding disclosure of confidential materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this action which contain or refer to the materials or information contained therein.

3.      "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the confidential materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

4.      Such confidential materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

a.      Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in this action;

b.      The parties in this action;

c.      The Court and persons employed by the Court working on this action;

d.      Court reporters at the proceedings in this action;

e.      Experts or consultants retained or consulted by the parties in connection with this action, but only as set out in Paragraph 5 below; and

f.      Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set out in Paragraph 5 below.

5.      Prior to making the disclosure of any confidential materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Protective Order.  Additionally, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as **Exhibit A**) to be bound by the terms of this Protective Order.  The signed Acknowledgment forms will be emailed by counsel to opposing counsel immediately upon execution.  This Paragraph does not apply to disclosures made to the Court and persons employed by the Court working on this action.

6.      In the event that any confidential materials are referred to or used in the deposition of any person initiated by any party, counsel shall have the option, during the deposition or within

fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits as "Confidential."  Such transcripts, exhibits, and the information contained therein shall remain protected under this Protective Order regardless of whether the parties' counsel exercises the option provided by this subparagraph.  Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential."

7.    This Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

8.    Upon request by the producing party, within ninety (90) days of the conclusion of this action as to all parties, confidential materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party.  In the event counsel possesses attorney work-product containing or referring to confidential materials, such attorney work-product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative may be destroyed.

9.    In the event any party wishes to include confidential materials in any paper filed with the Court, the party seeking to file the confidential material shall attempt to resolve the matter by agreement with the other parties, who will attempt to reach agreement in good faith. Failing agreement, the party shall file a motion with the Court requesting to file the confidential information under seal pursuant to Local Rule 5.4.

10.    The inadvertent or unintentional disclosure of any confidential materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential material disclosed or as to other related information.

11.     Any party may apply to the Court for relief from this Protective Order.  The party seeking relief from this Protective Order shall specify which information designated as "Confidential" it wishes to disclose outside the confines of this action and the purpose for which and the manner in which it seeks to disclose the information.  No party shall disclose any information designated as "Confidential" without the written consent of the parties or the express permission of the Court.

12.     Before seeking relief from the Court due to an alleged violation of this Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other parties.

13.     The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

14.     The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

**IT IS SO ORDERED this 12th day of August, 2022.**

**__S/Clay D. Land**
**HON. CLAY D. LAND**
**UNITED STATES DISTRICT JUDGE**

STIPULATED AND AGREED this 11th day of August, 2022.

**MITCHELL & SHAPIRO LLP**

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
3490 Piedmont Road Suite 650
Atlanta, Georgia 30305
Phone: (404) 812-4747
Fax: (404) 812-4740

*Counsel for Plaintiffs*

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C. & SHAPIRO LLP**

*/s/ James C. Clark, Jr.*
James C. Clark, Jr.
jcc@psstf.com
Georgia Bar No. 127145
Thomas F. Gristina
tfg@psstf.com
Georgia Bar No. 452454
Tyler C. Cashbaugh
tcc@psstf.com
Georgia Bar No. 869622
1111 Bay Avenue, Third Floor
Columbus, Georgia  31901
Phone: (706) 324-0251

*Counsel for Defendant Officer Vardman*

**SEYFARTH SHAW LLP**

*/s/ William B. Hill, Jr.*
William B. Hill, Jr.
Georgia Bar No. 354725
wbhill@seyfarth.com
Stephanie D. Delatorre
Georgia Bar No. 970664
sdelatorre@seyfarth.com
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
Email:  shill@seyfarth.com

*Counsel for Defendant Piedmont Healthcare, Inc. and Hughston Hospital, Inc. d/b/a Piedmont Columbus Northside Hospital*